**SUMMONS ISSUED**

# CV-13 3149

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

VINCENZO SAULLE and NANCY E. SAULLE,

                Plaintiff,

        -against-

NEW YORK BLOOD CENTER, INC.,
CHRISTOPHER D. HILLYER, M.D., PATTY
KILLEEN, and RAVI BALRAM,

              Defendants.

------------------------------------------------------------X

Docket No.:

**BIANCO, J.**
**LINDSAY, M.**

**COMPLAINT**
**JURY DEMAND**

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   **MAY 31 2013**   ★

LONG ISLAND OFFICE

Plaintiffs, VINCENZO SAULLE and NANCY E. SAULLE, by their attorney JOSEPH C.

STROBLE, ESQ, complaining of the defendants, NEW YORK BLOOD CENTER, INC.,

CHRISTOPHER D. HILLYER, M.D., PATTY KILLEEN, and RAVI BALRAM, hereby alleges

the following upon information and belief:

## PRELIMINARY STATEMENT

1.     This is action for wrongful discharge in violation of the Americans With

Disabilities Act of 1990, as amended (ADA) 42 USC Section 12101 et seq., the New York

Executive Law section 296 et seq., intentional infliction of emotional distress, and tortious

interference with a contract and unemployment benefits, and Family Medical Leave Act.

## PARTIES

2.     That Plaintiff, VINCENZO SAULLE, was and still is a resident of the

County of Suffolk, and the State of New York. He was employed by the defendant, NEW YORK

BLOOD CENTER, INC.

1

3.     Plaintiff commenced his employment with defendant, NEW YORK BLOOD

CENTER, INC., in or about August 16, 2010.  Plaintiff was an "employee" under the statutes

that it claimed the defendants violated.

4.     That defendant, NEW YORK BLOOD CENTER, INC. was and still is a domestic

not-for-profit corporation with an office and its principal place of business located at 310 E. 67th

Street, New York, New York 10065, employs over 250 individuals and is an "employer" under

the statutes that it is claimed that the defendants violated.

4.     That defendant, CHRISTOPHER D. HILLYER, M.D., was the President and

CEO of defendant, NEW YORK BLOOD CENTER, INC., during plaintiff's employment and

continuing. CHRISTOPHER D. HILLYER, M.D. participated in, aided, abetted, compelled

and/or incited the discriminatory and wrongful discharge of the plaintiff as set forth below.

Furthermore, as President and CEO, CHRISTOPHER D. HILLYER, M.D., is a

policymaker of the defendant, NEW YORK BLOOD CENTER, INC., and is responsible for its

maintenance and operation, including, but not limited to, the hiring, firing, promotion and

discipline of employees and all other employment related issues.  Additionally, defendant,

CHRISTOPHER D. HILLYER, M.D., was a policymaker for the defendant, charged with the

responsibility of insuring that employees were not subjected to unlawful discrimination and

discharge or retaliation or harassment.  He was also responsible for properly training and

supervising employees with respect to employment issues.

5.     That defendant, PATTY KILLEEN, was the Executive Director of Logistics of

defendant, NEW YORK BLOOD CENTER, INC., and a supervisor of plaintiff, VINCENZO

SAULLE, during his employment with defendant, NEW YORK BLOOD CENTER, INC. As the

plaintiff's supervisor, she had the power to make personal decisions regarding plaintiff's

2

employment. Defendant, PATTY KILLEEN, participated in, aided, abetted, compelled and/or incited the discriminatory and wrongful discharge of the plaintiff as set forth below.

6. That defendant, RAVI BALRAM, was the Transportation Manager of defendant, NEW YORK BLOOD CENTER, INC., and a supervisor of plaintiff, VINCENZO SAULLE, during his employment with defendant, NEW YORK BLOOD CENTER, INC. As the plaintiff's supervisor, he had the power to make personal decisions regarding plaintiff's employment. Defendant, RAVI BALRAM, participated in, aided, abetted, compelled and/or incited the discriminatory and wrongful discharge of the plaintiff as set forth below.

## JURISDICTION AND VENUE

7. That Plaintiff, VINCENZO SAULLE, was and still is a resident of the County of Suffolk, State of New York. The plaintiff's complaint was filed with the New York State Division of Human Rights on or about July 30, 2012. The New York State Division of Human Rights issued a Notice and Final Order dismissing the complaint for administrative convenience on March 15, 2013. The EEOC issued a "Notice of Right to Sue", dated April 10, 2013. Plaintiff's formal complaint filed with the New York State Division of Human Rights, the Notice and Final Order of the New York State Division of Human Rights dated March 15, 2013, and, the EEOC's "Notice of Right to Sue", are attached hereto and made a part hereof, as if set forth at length herein, as **EXHIBIT "A"**.

8. That defendant, NEW YORK BLOOD CENTER, INC. was and still is a domestic not-for-profit corporation with an office and its principal place of business located at 310 E. 67th

3

Street, New York, New York 10065. As a result, the Court has personal jurisdiction over the defendant, NEW YORK BLOOD CENTER, INC.

9.      That defendants, CHRISTOPHER D. HILLYER, M.D., PATTY KILLEEN, and RAVI BALRAM, were employed by, NEW YORK BLOOD CENTER, INC., and upon information and belief, were and are residents of the State of New York. As a result, this Court has personal jurisdiction over these defendants.

10.     This Court has subject matter jurisdiction based on the plaintiff's claims that the defendants violated the Americans With Disabilities Act of 1990, as amended (ADA) 42 USC Section 12101 et seq. This court has pendent jurisdiction over plaintiff's state law claims.

11.     Plaintiff demands a trial by jury.

## STATEMENT OF FACTS

12.     Plaintiff, VINCENZO SAULLE, was hired by defendant, NEW YORK BLOOD SERVICES, INC., on or about August 16, 2010 as a Driver.

13.     In his position as Driver, plaintiff's immediate supervisor was whoever answered the phone when he called dispatch, either John "Doe", Tim "Doe", Frank "Doe", or Gary "Doe".

14.     Plaintiff was also supervised by defendant, RAVI BALRAM, who as Transportation Manager, assigned plaintiff work.

15.     Defendant, RAVI BALRAM, reported directly to defendant, PATTY KILLEEN, Executive Director of Logistics who then reported to President and CEO, CHRISTOPHER D. HILLYER, M.D.

16.     In his position as Driver, plaintiff was required to pick up and deliver blood and blood related products, drive to certain locations and unload and set up equipment used to collect

4

blood, break down the equipment, reload it and transport it back to the facility. Plaintiff drove various vehicles for this purpose. Plaintiff's shifts were assigned by defendant, RAVI BALRAM. Plaintiff always performed his duties satisfactorily and in accordance with company policy.

17.     Plaintiff's employment was covered under a Collective Bargaining Agreement by and between the Teamsters Local 111 and The New York Blood Center. The latest Agreement covered the period February 1, 2010 through January 31, 2015.

18.     Beginning on or about January of 2011 through February of 2012, plaintiff continually advised the defendant, RAVI BALRAM, and others employed by defendant, NEW YORK BLOOD SERVICES, INC., that he had a disability which caused him to be unable the work the hours assigned to him. He requested accommodation in the form of a reduction in the number of hours required from 60 – 70 hours a week to 50 – 55 hours a week. Plaintiff's requests for accommodation were denied.

19.     On or about June of 2012, plaintiff again requested a reduction in work hours but was denied accommodation. Prior to plaintiff's requests for accommodation, he never received any negative appraisals concerning his job performance.

20.     On or about June 20, 2012 and again on July 7, 2012, plaintiff was injured during his employment while lifting a hamper onto a truck and filed a Workers' Compensation claim.

21.     Shortly thereafter, on July 11, 2012, plaintiff was summarily terminated in violation of the ADA and the New York State Human Rights Law, which prohibits discrimination based on disability. Said termination was based on the stated pretext that plaintiff had refused to perform his duties and that he had informed management that he would continue

5

to refuse to perform. Plaintiff never refused to perform his duties and always followed company policy.

22.     Plaintiff was thereafter denied unemployment benefits as a result of his wrongful termination.

23.     In addition to laws violated, plaintiff's dismissal violated the terms of the above collective bargaining agreement and employee handbook.

### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT, NEW YORK BLOOD CENTER, INC.: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED (ADA) 42 USC SECTION 12101 ET SEQ.

24.     Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1" through "23" above as if set forth more fully at length herein.

25.     Policies implemented by the defendants were to (1) intentionally retaliate against those employees who exercised their rights under the ADA and other statutes; (2) knowingly and wrongfully punishing employees who exercised such rights; (3) create false pretexts and falsify records in said employees' human resource and other employment files to wrongfully and falsely state that retaliation against the said employee was justified. These policies were followed by all the defendants herein, their subordinates and superiors with malice and the direct and express intent of wrongfully terminating the plaintiff in violation of the ADA and other statutes.

26.     Defendant dismissed plaintiff from employment after plaintiff, requested that defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him to work fewer hours, in violation of the ADA.

6

27.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $ 20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress, past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

28.     Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES.**

## AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST DEFENDANT, CHRISTOPHER D. HILLYER, M.D.: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED (ADA) 42 USC SECTION 12101 ET SEQ.

29.     Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1" through "28" above as if set forth more fully at length herein.

30.     Policies implemented by the defendants were to (1) intentionally retaliate against those employees who exercised their rights under the ADA and other statutes; (2) knowingly and wrongfully punishing employees who exercised such rights; (3) create false pretexts and falsify records in said employees' human resource and other employment files to wrongfully and falsely state that retaliation against the said employee was justified. These policies were followed by all the defendants herein, their subordinates and superiors with malice and the direct and express intent of wrongfully terminating the plaintiff in violation of the ADA and other statutes.

31.     Defendant dismissed plaintiff from employment after plaintiff, requested that defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him to work fewer hours, in violation of the ADA.

7

32.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress, past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

33.     Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES**.

**AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST DEFENDANT, PATTY KILLEEN: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED (ADA) 42 USC SECTION 12101 ET SEQ.**

34.     Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1" through "33" above as if set forth more fully at length herein.

35.     Policies implemented by the defendants were to (1) intentionally retaliate against those employees who exercised their rights under the ADA and other statutes; (2) knowingly and wrongfully punishing employees who exercised such rights; (3) create false pretexts and falsify records in said employees' human resource and other employment files to wrongfully and falsely state that retaliation against the said employee was justified. These policies were followed by all the defendants herein, their subordinates and superiors with malice and the direct and express intent of wrongfully terminating the plaintiff in violation of the ADA and other statutes.

36.     Defendant dismissed plaintiff from employment after plaintiff, requested that defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him to work fewer hours, in violation of the ADA.

8

37.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress, past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

38.     Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES.**

### AS AND FOR A FOURTH CAUSE OF ACTION AS AGAINST DEFENDANT, RAVI BALRAM: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED (ADA) 42 USC SECTION 12101 ET SEQ.

39.     Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1" through "38" above as if set forth more fully at length herein.

40.     Policies implemented by the defendants were to (1) intentionally retaliate against those employees who exercised their rights under the ADA and other statutes; (2) knowingly and wrongfully punishing employees who exercised such rights; (3) create false pretexts and falsify records in said employees' human resource and other employment files to wrongfully and falsely state that retaliation against the said employee was justified. These policies were followed by all the defendants herein, their subordinates and superiors with malice and the direct and express intent of wrongfully terminating the plaintiff in violation of the ADA and other statutes.

41.     Defendant dismissed plaintiff from employment after plaintiff, requested that defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him to work fewer hours, in violation of the ADA.

9

42.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses,  physical injury including extreme emotional distress,  past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

43.     Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES**.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AS AGAINST DEFENDANT, NEW YORK BLOOD CENTER, INC.:
### VIOLATION OF NEW YORK STATE EXECUTIVE LAW

44.     Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1" through "43" above as if set forth more fully at length herein.

45.     Defendant dismissed plaintiff from employment after plaintiff, requested that defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him to work fewer hours, in violation of New York Executive Law section 296 et seq.

46.     Defendant's action was discriminatory and in violation of New Executive Law section 296 et seq.

47.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses,  physical injury including extreme emotional distress,  past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

48.     Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES**.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AS AGAINST DEFENDANT, CHRISTOPHER D. HILLYER, M.D.:
## VIOLATION OF NEW YORK STATE EXECUTIVE LAW

49.     Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1"
through "48" above as if set forth more fully at length herein.

50.     Defendant dismissed plaintiff from employment after plaintiff, requested that
defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him
to work fewer hours, in violation of New York Executive Law section 296 et seq.

51.     Defendant's action was discriminatory and in violation of New Executive Law
section 296 et seq.

52.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated
at $20,000.00, and accruing, medical expenses,  physical injury including extreme emotional
distress,  past and future pecuniary expenses and out of pocket costs, his reputation and character
were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the
sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AS AGAINST DEFENDANT, PATTY KILLEEN:
## VIOLATION OF NEW YORK STATE EXECUTIVE LAW

53.     Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1"
through "52" above as if set forth more fully at length herein.

54.     Defendant dismissed plaintiff from employment after plaintiff, requested that
defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him
to work fewer hours, in violation of New York Executive Law section 296 et seq.

11

55.    Defendant's action was discriminatory and in violation of New Executive Law section 296 et seq.

56.    That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress, past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

57.    Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES**.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### AS AGAINST DEFENDANT, RAVI BALRAM:
### VIOLATION OF NEW YORK STATE EXECUTIVE LAW

56.    Plaintiff hereby repeats and reiterates each and every allegation in paragraphs "1" through "57" above as if set forth more fully at length herein.

57.    Defendant dismissed plaintiff from employment after plaintiff, requested that defendant, NEW YORK BLOOD CENTER, INC., accommodate his disability by allowing him to work fewer hours, in violation of New York Executive Law section 296 et seq.

58.    Defendant's action was discriminatory and in violation of New Executive Law section 296 et seq.

59.    That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress, past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

12

60. Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES.**

## AS AND FOR A NINTH CAUSE OF ACTION
## AS AGAINST ALL DEFENDANTS: INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiff hereby repeat and reiterate each and every allegation in paragraphs "1" through "60" above as if set forth more fully at length herein.

62. That defendant, NEW YORK BLOOD CENTER, INC., is vicariously liable for all of the foregoing alleged behaviors of defendants, CHRISTOPHER D. HILLYER, M.D., PATTY KILLEEN, and RAVI BALRAM, and other employees.

63. That defendant's said employees intentionally, and for the purpose of causing severe emotional distress, recklessly conducted themselves toward plaintiff in a manner so shocking, extreme, and, outrageous that it exceeds all reasonable bounds of decency, thereby causing Plaintiff to sustain severe emotional distress.

64. The defendants performed the unlawful conduct set forth herein with the intent to cause, or in disregard of a substantial probability of causing severe emotional distress to the plaintiff.

65. The defendants engaged in a continuous pattern of intentional conduct designed to harass and cause plaintiff severe emotional distress, culminating in the unlawful termination of the plaintiff.

66. By reason of the foregoing, the defendants did cause plaintiff severe emotional distress.

67.     That said acts and behaviors were done by defendant's employees during business hours, within the scope of their employment, and in furtherance of defendant's business.

68.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress, past and future pecuniary expenses and out of pocket costs, his reputation and character were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

69.     Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES**.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST
## ALL DEFENDANTS:TORTIOUS INTERFERENCE WITH CONTRACT

70.     Plaintiff repeats and reiterates each and every allegation in paragraphs "1" through "69", and, all those set forth below, as if set forth more fully at length herein.

71.     The defendants have intentionally, knowingly, wrongfully and maliciously interfered with the employment contract (collective bargaining agreement) between plaintiff, and defendant, NEW YORK BLOOD CENTER, INC., with the intent of causing severe emotional distress to plaintiff

72.     That as a result, plaintiff was not only wrongfully terminated but was also wrongfully denied unemployment insurance benefits.

73.     That as a result, Plaintiff's health was impaired, he suffered lost wages estimated at $20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress, past and future pecuniary expenses and out of pocket costs, his reputation and character

14

were injured, and his earning power permanently impaired, all to the Plaintiff's damage in the sum of FIFTY MILLION ($50,000,000.00) DOLLARS.

74.     Defendant's violation was intentional, willful and malicious; as a result plaintiff seeks an award of **PUNITIVE DAMAGES**.

**AS AND FOR A ELEVENTH CAUSE OF ACTION ON BEHALF OF**

**NANCY E. SAULLE FOR LOSS OF CONSORTIUM**

75. Plaintiffs repeat and reiterate each and every allegation in paragraphs "1" through "74", and, all those set forth below, as if set forth more fully at length herein.

76. That at all times hereinbefore mentioned, plaintiff, NANCY E. SAULLE, was the lawful wife of plaintiff VINCENZO SAULLE and, as such, was entitled to the society, companionship, friendship, services and consortium of her husband, plaintiff, VINCENZO SAULLE.

77. That as a result of the foregoing acts and omissions of defendants, Plaintiff NANCY E. SAULLE, was deprived of the society, companionship, friendship, services and consortium of her husband, plaintiff VINCENZO SAULLE,  and will continue to be so deprived into the future.

78. That as a result of the defendants' negligence, recklessness, and other conduct, as set forth herein above, and, herein below, plaintiff, NANCY E. SAULLE, was caused severe emotional distress, anxiety and mental anguish, as a result thereof.

79. By reason of the foregoing, plaintiff, NANCY E. SAULLE, has been damaged in a sum that exceeds the monetary limits of all lower courts that would otherwise have jurisdiction over this matter. This plaintiff seeks an award of punitive damages against the defendants,

NEW YORK BLOOD CENTER INC., CHRISTOPHER D. HILLYER, M.D., PATTY KILLEEN and RAVI BALRAM.

**WHEREFORE, PLAINTIFF**, prays that the Court grant judgment to him containing the following relief:

1.     On the first and fifth causes of action as against defendant, NEW YORK BLOOD CENTER, INC.:  an award to PLAINTIFF of compensatory damages in an amount not less than **FIFTY MILLION ($50,000,000.00) DOLLARS** for lost wages estimated at $20,000.00, and accruing, medical expenses, physical injury including extreme emotional distress and pain and suffering, past and future pecuniary expenses and out of pocket costs, damage to his reputation and character and earning power; as against the defendants, <u>jointly and severally</u>;

2.     On the second and sixth causes of action as against defendant, CHRISTOPHER D. HILLYER, M.D.:  an award to PLAINTIFF of compensatory damages in an amount not less than **FIFTY MILLION ($50,000,000.00) DOLLARS** for lost wages estimated at $20,000.00 and accruing, medical expenses, physical injury including extreme emotional distress and pain and suffering, past and future pecuniary expenses and out of pocket costs, damage to his reputation and character and earning power; as against the defendants, <u>jointly and severally</u>;

3.     On the third and seventh causes of action as against defendant, PATTY KILLEEN: an award to PLAINTIFF of compensatory damages in an amount not less than **FIFTY MILLION ($50,000,000.00) DOLLARS** for lost wages estimated at $20,000.00 and accruing, medical expenses, physical injury including extreme emotional distress and pain and suffering, past and future pecuniary expenses and out of pocket costs, damage to his reputation and character and earning power; as against the defendants, <u>jointly and severally</u>;

16

4.      On the fourth and eighth causes of action as against defendant, RAVI BALRAM:  an

award to PLAINTIFF of compensatory damages in an amount not less than **FIFTY**

**MILLION ($50,000,000.00) DOLLARS** for lost wages estimated at $20,000.00 and accruing,

medical expenses, physical injury including extreme emotional distress and pain and

suffering, past and future pecuniary expenses and out of pocket costs, damage to his reputation

and character and earning power; as against the defendants, jointly and severally;

5.      On the ninth and tenth causes of action as against all defendants, an award to

PLAINTIFF of compensatory damages in an amount not less than **FIFTY MILLION**

**($50,000,000.00) DOLLARS** for lost wages estimated at $20,000.00 and accruing, medical

expenses, physical injury including extreme emotional distress and pain and suffering, past and

future pecuniary expenses and out of pocket costs, damage to his reputation and character and

earning power; as against the defendants, jointly and severally.

6.      On the eleventh cause of action, on behalf of plaintiff, NANCY E. SAULLE,

against all of the defendants, jointly and severely, in a sum that exceeds the monetary limits of

all lower courts that would otherwise have jurisdiction over this matter; together with an award

of punitive damages on behalf of all plaintiffs, as against the defendants, NEW YORK BLOOD

CENTER, INC., CHRISTOPHER D. HILLYER, M.D., PATTY KILLEEN, and RAVI

BALRAM,

7.      On all of the causes of action an award of punitive damages;

8.      Interest on all amounts due from the date of occurrence.

9.      For such other and further relief as to the Court seems just and proper.

Dated:      Sayville, New York
            May 29TH, 2013

PART 130 CERTIFICATION:

**JOSEPH C. STROBLE, ESQ.**
Attorney for PLAINTIFF
40 Main Street
P.O. Box 594
Sayville, NY 11782
(631) 244-8297

18

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK)

                  ss.:

COUNTY OF SUFFOLK)


     **VINCENZO SAULLE,** being duly sworn, says: That deponent is one of the plaintiffs of the within action; that deponent has personally read the foregoing COMPLAINT WITH JURY DEMAND, and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

 

**VINCENZO SAULLE**


SWORN TO BEFORE ME THIS

_29th_ DAY OF MAY, 2013

NOTARY PUBLIC

EILEEN DE FILIPPO
Notary Public, State of New York
No. 01-DE4970754
Qualified in Suffolk County
Commission Expires August 13, 2014

19

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK)

      ss.:

COUNTY OF SUFFOLK)


  **NANCE E. SAULLE,** being duly sworn, says: That deponent is one of the plaintiffs of the within action; that deponent has personally read the foregoing COMPLAINT WITH JURY DEMAND, and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponent believes it to be true.

            **NANCY E. SAULLE**


SWORN TO BEFORE ME THIS

29th DAY OF MAY, 2013

NOTARY PUBLIC

EILEEN DE FILIPPO
Notary Public, State of New York
No. 01-DE4970754
Qualified in Suffolk County
Commission Expires August 13, 2014

# EXHIBIT "A"

# NEW YORK STATE

# DIVISION OF HUMAN RIGHTS

TO:    Files                                        REGION:  Long Island

FROM:  Ronald B. Brinn                              DATE: January 18, 2013
       Regional Director

SDHR CASE NO: 10156586-12-E-D-E

Federal Charge No. 16GB204152

SUBJECT:    Vincenzo Saulle v. Long Island Blood Services, a Division of the New York
            Blood Center, Inc.

---

## FINAL INVESTIGATION REPORT AND BASIS OF DETERMINATION

### I.    CASE SUMMARY

This is a verified complaint, filed by complainant, Vincenzo Saulle, on Mon 7/30/2012. The complainant who has exhaustion, charges the respondent with unlawful discriminatory practices in relation to employment because of disability.

### II.    SUMMARY OF INVESTIGATION

**Complainant's Position:**
Complainant claimed that his employment was terminated because he asked for his work hours to be reduced from 60- 70 hours to 50-55 hours; as an accommodation. He alleged that his employment was terminated within two week of asking for FMLA paperwork (see C ex. A).

**Respondent's Position:**
Respondent asserted that the complainant's employment was terminated for insubordination and his refusal to perform his job.  Respondent stated that the Complainant was hired on August 16, 2010, as a Driver by Ravi Balram, Director of Logistics. Respondent added that as a driver, the Complainant was responsible for the timely and safe delivery of blood and blood products, and the set up and break down of the mobile blood operations.  Respondent stated that during interviews, Mr. Balram explains to all applicants that a driver's schedule is extremely inconsistent, and that it often involves long hours with irregular days off. Complainant's shifts were assigned by Mr. Balram at his discretion, as long as he was fair, and in compliance with required by US Department of Transportation regulations.

Respondent alleged that the Complainant's employment was terminated due to two incidents that occurred on June 26, 2012. The Complainant's assignment was to drive the blood-mobile to John

F. Kennedy Airport for a blood drive. Respondent claimed that the Complainant said he was uncomfortable driving the blood-mobile and refused to perform the assignment. Respondent stated that later that day, the Complainant was assigned to deliver clotting medication to a hemophilia in Brooklyn. Respondent claimed that when the Complainant arrived at the patient address, he called dispatch, saying he refused to go into the building, because he felt it was unsafe. Respondent stated that because of his refusal the patient had to come down and retrieve his medication in front of his neighbors. Respondent also stated that Mr. Balram met with the Complainant to discuss his refusals to complete his assignments. They claim that during this conversation, the Complainant said he would continue to refuse any assignment, if he was or became uncomfortable with it. Based on these actions, Mr. Balram made the recommendation to Maureen Curtlin, Human resource manager, to terminate the Complainant's employment as of July 11, 2012.

**Investigator's Observations:**
Respondent submitted a termination letter, where another driver's employment was terminated for refusing to complete his/her assignment (see r. ex. B). However, upon review of the submitted documentation, it reveals that this is not a true comparison. The employee the letter refers to didn't complete his/her assignment and left the blood specimens in their van, which caused it to be discarded. The Complainant did complete his assignment. He hand delivered the medication to the patient, although he didn't go into the building.

During the investigation, the complainant claimed that he followed the instructions he had been given if in an unsafe location. He claimed that the drivers were told if in an unsafe location they were to call dispatch, who would call the client to come out and meet the driver. This was verified by three witnesses, who currently work with for the Respondent as drivers.

The Complainant provided information for a witness, who he claims can verify that he never refused to drive the blood mobile. The Division has reached out to the witness to no avail.

The record shows that the Respondent was aware that the Complainant was having issues of exhaustion due to his work schedules as far back as March 23, 2012 (see C. ex. B).

Submitted by: _Donna J. Epp_
Donna J. Epp
Human Rights Specialist I

## III.   BASIS FOR DETERMINATION

The evidence gathered during the course of the investigation of the instant complaint is sufficient to support the complainant's allegations of unlawful discrimination on the basis of disability. The investigation revealed that the Complainant received his FMLA paperwork on June 27, 2012 and had his employment terminated within 14 days, which was within the time he was required to submit all supporting documentation. The timing of the Complainant's termination is highly suspicious. The Respondent asserted that the complainant's employment was terminated for insubordination and his refusal to perform his job. Respondent stated that on June 26, 2012, the Complainant refused to drive the blood mobile to JFK and then refused to

complete his assignment of delivering medication to a patient in Brooklyn. Complainant stated that he never refused to drive the blood mobile. He stated that he told the Respondent that he was uncomfortable driving it. The investigation revealed that the medication was delivered by the Complainant to the patient. Since the Complainant felt he was in an unsafe location he had the patient come outside to retrieve the delivery. The complainant claimed that he followed the instructions the drivers were given if they were in an unsafe location. They were told to call dispatch, who would call the client to come out and meet the driver. This was verified by three witnesses, who currently work for the Respondent as drivers.

Therefore, based on the foregoing, there are material issues of fact, including if the Complainant was terminated due to his disability, this case should be recommended for public hearing where testimony can be taken under oath, witnesses can be cross examine and issues of credibility resolved.

Reviewed & Approved:

Theresa Aydelott
Human Rights Specialist II

## IV.    DETERMINATION

Based on the foregoing, I find **PROBABLE CAUSE** to support the allegations of the complaint.

Ronald B. Brinn
Regional Director

- 3 -



**ANDREW M. CUOMO**
GOVERNOR

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

VINCENZO SAULLE,

                        Complainant,

          v.

LONG ISLAND BLOOD SERVICES, A DIVISION OF
THE NEW YORK BLOOD CENTER, INC.,

                        Respondent.

---

VERIFIED COMPLAINT
Pursuant to Executive Law,
Article 15

Case No.
**10156586**

Federal Charge No. 16GB204152

I, Vincenzo Saulle, residing at 36 Mobrey Lane, Smithtown, NY, 11787, charge the above named respondent, whose address is 1200 Prospect Avenue, Westbury, NY, 11590 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of disability.

Date most recent or continuing discrimination took place is 7/11/2012.

The allegations are:

SEE ATTACHED COMPLAINT FORM



RECEIVED

JUL 30 2012

HAUPPAUGE REGIONAL OFFICE



## New York State Division of Human Rights
### Complaint Form

### CONTACT INFORMATION

My contact information:

Name: VINCENZO SAULLE

Address: 36 MOBREY LANE          Apt or Floor #: _____

City: SMITHTOWN          State: NY          Zip: 11787

### REGULATED AREAS

I believe I was discriminated against in the area of:

- [x] Employment
- [ ] Education
- [ ] Volunteer firefighting

- [ ] Apprentice Training
- [ ] Boycotting/Blacklisting
- [ ] Credit

- [ ] Public Accommodations
*(Restaurants, stores, hotels, movie theaters amusement parks, etc.)*
- [ ] Housing
- [ ] Commercial Space
- [ ] Labor Union, Employment Agencies

I am filing a complaint against:

Company or Other Name: LONG ISLAND BLOOD SERVICES, A DIVISION

Address: 1200 PROSPECT AVE          of The New York

City: WESTBURY          State: NY          Zip: 11590     Blood Center, Inc

Telephone Number: 516 (area code) 478 5190

Individual people who discriminated against me:

Name: RAJI BALRAM          Name: _____

Title: DIRECTOR OF LOGISTICS          Title: _____

### DATE OF DISCRIMINATION

The most recent act of discrimination happened on:   7 / 11 / 2012
                                                    month  day  year

## BASIS OF DISCRIMINATION
*Please tell us why you were discriminated against by checking one or more of the boxes below.*

 You do not need to provide information for every type of discrimination on this list. Before you check a box, make sure you are checking it only if you believe it was a reason for the discrimination. Please look at the list on Page 1 for an explanation of each type of discrimination.

**Please note**: Some types of discrimination on this list do not apply to all of the regulated areas listed on Page 3. (For example, Conviction Record applies only to Employment and Credit complaints, and Familial Status is a basis only in Housing and Credit complaints). These exceptions are listed next to the types of discrimination below.

## I believe I was discriminated against because of my:

| | |
|---|---|
| ☐ **Age** *(Does not apply to Public Accommodations)* <br> Date of Birth: | ☐ **Genetic Predisposition** *(Employment only)* <br> Please specify: |
| ☐ **Arrest Record** *(Only for Employment, Licensing, and Credit)* <br> Please specify: | ☐ **Marital Status** <br> Please specify: |
| ☐ **Conviction Record** *(Employment and Credit only)* <br> Please specify: | ☐ **Military Status:** <br> Please specify: |
| ☐ **Creed / Religion** <br> Please specify: | ☐ **National Origin** <br> Please specify: |
| ☑ **Disability** <br> Please specify: <br><br> EXAVSTION . | ☐ **Race/Color or Ethnicity** <br> Please specify: |
| ☐ **Domestic Violence Victim Status:** <br> *(Employment only)* <br> Please specify: | ☐ **Sex** <br> Please specify: ☐ Female ☐ Male <br>     ☐ Pregnancy <br>     ☐ Sexual Harassment |
| ☐ **Familial Status** *(Housing and Credit only)* <br> Please specify: | ☐ **Sexual Orientation** <br> Please specify: |
| ☑ **Retaliation** *(if you filed a discrimination case before, or helped someone else with a discrimination case, or reported discrimination due to race, sex, or any other category listed above)* <br><br> Please specify:    SEE ATTACHMENTS | |

 Before you turn to the next page, please check this list to make sure that you provided information *only* for the type of discrimination that relates to your complaint.

# EMPLOYMENT DISCRIMINATION

*Please answer the questions on this page only if you were discriminated against in the area of employment. If not, turn to the next page.*

**How many employees does this company have?**

a) 1-3          b) 4-14          c) 15 or more          d) 20 or more          e) Don't know

**Are you currently working for the company?**

☐ Yes

Date of hire:          (_____   _____   _____)          What is your job title? _____
                              Month          day          year

☑ No

Last day of work:     ( __7__   __11__   __2012__ )          What was your job title?  DRIVER
                              Month          day          year

☐ I was not hired by the company

Date of application: (_____   _____   _____)
                              Month          day          year

## *ACTS OF DISCRIMINATION*

**What did the person/company you are complaining against do? Please check all that apply.**

☐ Refused to hire me

☑ Fired me / laid me off

☐ Did not call me back after a lay-off

☐ Demoted me

☐ Suspended me

☐ Sexually harassed me

☐ Harassed or intimidated me (other than sexual harassment)

☐ Denied me training

☐ Denied me a promotion or pay raise

☐ Denied me leave time or other benefits

☐ Paid me a lower salary than other workers in my same title

☐ Gave me different or worse job duties than other workers in my same title

☐ Denied me an accommodation for my disability

☐ Denied me an accommodation for my religious practices

☐ Gave me a disciplinary notice or negative performance evaluation

☐ Other: _____

*DESCRIPTION OF DISCRIMINATION* - for <u>all complaints</u> *(Public Accommodation, Employment, Education, Housing, and all other regulated areas listed on Page 3)*

*Please tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory.* **PLEASE TYPE OR PRINT CLEARLY.**

SEE     ATTACHMENTS.

I BELIEVE THAT I WAS DISCRIMINATED AGAINST ON THE BASIS OF MY DISABILITY WHEN I WAS TERMINATED BY MY EMPLOYER. I FORMED THIS OPINION WHEN BETWEEN JANUARY 2011 AND FEBRUARY 2012 I REPEATEDLY COMPLAINED TO RAVI BALRAM, DIRECTOR OF LOGISTICS AND MAUREEN CURLAN, HR REP ABOUT MY DISABILITY AND THEY DID NOTHING. I REQUESTED THE ACCOMODATION OF A REDUCTION OF WORK HOURS FROM 60-70 HOURS A WEEK TO 50-55 HRS PER WEEK AND THAT REQUEST WAS DENIED. ON OR ABOUT 6/2012 I AGAIN REQUESTED A REDUCTION IN WORK HOURS. ON JULY 11 I WAS TERMINATED.

*If you need more space to write, please continue writing on a separate sheet of paper and attach it to the complaint form. PLEASE DO NOT WRITE ON THE BACK OF THIS FORM.*

## NOTARIZATION OF THE COMPLAINT

Based on the information contained in this form, I charge the above-named Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities Act (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment Act, as amended (covers ages 40 years of age or older in employment), or filing my housing/credit complaint with HUD under Title VIII of the Federal Fair Housing Act, as amended (covers acts of discrimination in housing),as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contained in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____
Sign your full legal name

Subscribed and sworn before me
This ___ day of _____ , 20__

_____
Signature of Notary Public

County: _____   Commission expires:

KENNETH W. BAYNE
Notary Public, State of New York
No. 01BA5044568
Qualified in Suffolk County
Commission Expires July 10, 20__

*Please note: Once this form is notarized and returned to the Division, it becomes a legal document and an official complaint with the Division of Human rights. After the Division accepts your complaint, this form will be sent to the company or person(s) whom you are accusing of discrimination.*



NEW YORK STATE
# DIVISION OF HUMAN RIGHTS
175 FULTON AVENUE, SUITE 404
HEMPSTEAD, NEW YORK 11550

(516) 538-1360
Fax: (516) 483-6589
www.dhr.ny.gov

**ANDREW M. CUOMO**
*GOVERNOR*

September 19, 2012

**GALEN D. KIRKLAND**
*COMMISSIONER*

Vincenzo Saulle
36 Mobrey Lane
Smithtown, NY 11787

> Re:  Vincenzo Saulle v. Long Island Blood Services, a Division of the New York
> Blood Center, Inc.
> Case No. 10156586

Dear Vincenzo Saulle:

Enclosed is a copy of the respondent's written response to your recently filed complaint. At this time, we are asking you to submit a written response (known as a "rebuttal") to the enclosed material, in order to further the investigation of your case. Please include your case number on your submission.

Please review the enclosed, and submit your written rebuttal to us by 10/04/2012. The Division will not extend the time for this response, unless good cause is shown in a written application, submitted at least five (5) calendar days prior to the time the response is due.

If we do not hear from you, we will assume you have nothing to add. The case may then be decided on the basis of what is in the file.

**Protection of personal privacy:** You may wish to submit documents in support of your complaint. The Division observes a personal privacy protection policy consistent with Human Rights Law § 297.8 which governs what information the Division may disclose, and the N.Y. Public Officer's Law § 89 and § 96-a, which prohibit disclosure of social security numbers and limit further disclosure of certain information subject to personal privacy protection. Please redact or remove personal information from any documentation submitted to the Division, unless and until the Division specifically requests any personal information needed for the investigation. The following information should be redacted: the first five digits of social security numbers; dates of birth; home addresses and home telephone numbers; any other information of a personal nature. The following documentation should not be submitted unless specifically requested by the Division: medical records; credit histories; resumes and employment histories. The Division may return your documents if they contain personal information that was not specifically requested by the Division. If you believe that inclusion of any such personal information is necessary to support your complaint, please contact me to discuss before submitting such information.

Please remember that you must notify us immediately, in writing, of any change in your address or telephone number.  Thank you for your cooperation.

Very truly yours,

Ronald B. Brinn
Regional Director

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Vincenzo Saulle
36 Mobrey Lane
Smithtown, NY 11787

EEOC Charge Number: 16GB204152
NYSDHR Case Number: 10156586

## NOTICE

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR).  The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed.  Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC).  All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[ ] Title VII of the Civil Rights Act of 1964, as amended — If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires.  If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency.  The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[X] The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

[ ] The Age Discrimination in Employment Act of 1967, as amended (ADEA) — If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights.  This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time.  The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: August 7, 2012

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

### EEOC REVIEW PROCEDURE

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review.  This request must be done in writing to the EEOC and within fifteen (15) days from the date you received the New York State Division of Human Rights final determination.  Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only.  Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: August 7, 2012